IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

    Plaintiff,

v.                                              NO. 1:18-CV-00531-MV-JHR

BOB HUBBARD HORSE TRANSPORTATION, INC.

    Defendant.

## ORDER DENYING MOTION FOR WITHDRAWAL OF COUNSEL

This matter comes before the Court upon a *Motion for Withdrawal of Counsel* [Doc. 29] filed on December 21, 2018, by Plaintiff's attorney Raul A. Carrillo, Jr. Defendant Bob Hubbard Horse Transportation, Inc. ("BHHT"), filed a response in opposition [Doc. 30] on December 22, 2018, which it withdrew [Doc. 36] on January 7, 2019, indicating no further opposition to Carrillo's withdrawal as counsel. Plaintiff Lisa M. Rehburg herself filed *Plaintiff's Opposition to the Carrillo Law Firm, P.C.'s Motion for Withdrawal as Counsel for Plaintiff* [Doc. 34] on January 4, 2019, and a supplemental opposition [Doc. 39] on January 22, 2019.

As grounds for withdrawal, attorney Carrillo asserts only that "[a]n effective attorney-client relationship no longer exists" between himself and his client Rehburg. [Doc. 29, p. 1]. Rehburg disagrees and says that she has been fully cooperative and communicative and is unaware of any basis for concern. [Doc 34, p. 2]. Rehburg opposes Carrillo's withdrawal because she fears resulting material adverse effects upon her case, first because it is at a critical stage due to scheduled depositions and outstanding discovery requests, [Doc. 34, pp. 1-2], and second because she hired Carrillo's law firm on a contingency basis and does not believe she can either find a new firm on a contingency basis or afford a new firm at hourly rates. [Doc. 39, p. 1].

The issue then is whether the Court should allow an attorney to withdraw from a pending case when the attorney asserts that the previous attorney-client relationship is destroyed but the client disagrees and opposes the motion and asserts that withdrawal will materially adversely affect her case due to outstanding discovery and scheduled depositions and an asserted inability to obtain substitute counsel.

**PROCEDURAL CLEAN-UP**

There are two initial matters to address. First, BHHT initially opposed the motion to withdraw but later withdrew its opposition. [Doc. 30; Doc. 36] By that time, however, Rehburg had filed her own opposition, [Doc. 34], and so the motion will be treated as opposed in order to resolve the dispute between attorney Carrillo and Plaintiff Rehburg.

Second, in her opposition to withdrawal, Rehburg alleges that Carrillo has violated New Mexico Rule of Professional Conduct 16-116(B)(3) NMRA. That rule states that "a lawyer may withdraw from representing a client if: … (3) the client has used the lawyer's services to perpetrate a crime or fraud." Rule 16-116(B)(3). Rehburg's reliance on the Rule appears mistaken for two reasons. First, it is a rule authorizing, not prohibiting, withdrawal. Second, it only applies when a client has used the lawyer to perpetrate a crime or fraud. Nothing in the record suggests that Rehburg is admitting that she used Carrillo to perpetrate a crime or fraud and, even if she were, it makes no sense to cite a rule allowing withdrawal as a reason to prevent it. The Court will disregard the citation to Rule 16-116.

Rehburg's procedural objections to the motion, *see* [Doc. 34, p. 2], are addressed next.

**PROCEDURAL REQUIREMENTS OF A MOTION TO WITHDRAW**

The Local Rules of the United States District Court for the District of New Mexico establish the proper procedure for an attorney's motion to withdraw. For all motions, the movant must determine and state "whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Carrillo stated in his motion that he contacted BHHT about withdrawal and received no response. [Doc. 29, p. 1]. BHHT's initial opposition and subsequent consent to withdrawal are now a matter of record. [Doc. 30; Doc. 36]. Rehburg's procedural objections do not rely upon BHHT's position and so it appears that her own reliance upon Rule 7.1(a) raises different issues which are discussed next.

Local Rule 7.1(a) incorporates additional procedures stated in Local Rule 83.8 when a motion seeks permission for an attorney to withdraw, except that those requirements do not apply when a member of a law firm withdraws but another member of the firm remains counsel in the case. *See* D.N.M.LR-Civ. 83.4(b). In this case, Carrillo seeks to withdraw the firm entirely from the representation, [Doc. 29, [p. 1], and so the additional procedures are required. While technically a violation of Local Rule 83.8 would also violate Local Rule 7.1(a) by incorporation, the substance of Rehburg's objections fall within Local Rule 83.8 and so are discussed further in that context.

When a motion is unopposed, and the client is a natural person, both the motion and any proposed order must state that the attorney's client consents to withdrawal, and either give notice of appointment of substitute counsel or give notice that the client intends to appear *pro se*. *See* D.N.M.LR-Civ. 83.8(a). When the motion to withdraw is contested, it must give notice "that objections must be served and filed within fourteen (14) days from date of service of the motion

and that failure to object within this time constitutes consent to grant the motion." D.N.M.LR-Civ. 83.8(b).

**REHBURG'S PROCEDURAL OBJECTIONS TO WITHDRAWAL**

Rehburg raises three distinct procedural objections to Carrillo's motion to withdraw: (1) neither the motion nor any proposed order recites that Rehburg consents; (2) neither the motion nor any proposed order recites that Rehburg intends to appear *pro se*, and; (3) the motion does not give the required notice of the right to file objections and the consequence of failure to object. [Doc. 34, p. 2].

The requirement to recite the client's consent to the attorney's withdrawal is specific to unopposed motions. *See* D.N.M.LR-Civ. 83.8(a). When filed, this motion was not clearly unopposed, and so the recitation of consent may not have been necessary. In any event, it appears that the purpose of the requirement is to assure a Court inclined to grant an unopposed motion that the client is aware of and prepared for the attorney's withdrawal. In this case, three days before BHHT withdrew its opposition to Carrillo's withdrawal, *see* [Doc. 36], Rehburg filed her own opposition [Doc. 34], which informed the Court that she did not consent and was not prepared to be without counsel. Thus, although Carrillo did not comply with the requirement to state the client's consent, there is no risk that the Court will grant the motion under the mistaken belief that Rehburg approves. Therefore, the Court will not deny the motion to withdraw on the basis that Carrillo failed to include the required recitation of client consent.

The second cited requirement of Local Rule 83.8(a), that the motion and any proposed order recite the client's consent to appear *pro se* (in the absence of immediate substitution of counsel), also applies only to unopposed motions, again for the apparent purpose of assuring the Court that granting an unopposed motion will not leave an unsuspecting party without needed

4

counsel. Because this motion was not unopposed when filed and cannot be treated as unopposed now due to Rehburg's objections, the recitation requirement does not apply and is not a basis for the Court to deny the motion to withdraw.

Rehburg's final procedural objection is that the motion does not give notice of the right to object and the consequence of failure to object. *See* D.N.M.LR-Civ. 83.8(a). In contrast to the previous objections, the requirement of notice of the right to object applies only to contested motions, and therefore applies in this case. *Id*. The obvious purpose of the provision is to assure that a party has a fair opportunity to be heard on any objections to the attorney's withdrawal. Carrillo did not provide the required notice. Rehburg, however, has suffered no harm from Carrillo's violation because she filed a timely objection which will be addressed by the Court on its merits. Therefore, although Carrillo violated Local Rule 83.8(a) by omitting the required notice, the Court will not deny the motion on that basis but instead will address the substantive objections that were filed.

**REHBURG'S SUBSTANTIVE OBJECTIONS TO WITHDRAWAL**

Rehburg asserts that her interests will be "materially adversely" affected by Carrillo's "withdrawal at this critical stage in the litigation." [Doc. 34, p. 2]. She particularly notes that there are depositions scheduled and "other outstanding discovery pending." [*Id*., p. 2]. The record also reflects these pending motions: Rehburg's *Motion to Remand and in the Alternative, to Allow for Limited Discovery* [Doc. 11] filed on August 15, 2018, and fully briefed as of October 3, 2018. [Doc. 21]; *Plaintiff's Motion for Leave to Amend Her Complaint* [Doc. 23] filed October 9, 2018, to which no response has been filed; *Defendant's Motion to Compel Plaintiff's Expert Witness Disclosures* [Doc. 27] filed December 19, 2018, to which no response has been filed; and Plaintiff's *Motion to Stay Case Pending Decision on Motion to Remand* [Doc. 31] on January 4,

2019. On January 9, 2019, the Court granted a stay pursuant to Plaintiff's *Unopposed Motion to Stay Pending Assignment of New Counsel* [Doc. 32], filed in anticipation of the Court granting the instant motion.

In addition to her procedural concerns, Rehburg asserts that she will be harmed by withdrawal because Carrillo's firm was hired on a contingency-fee basis in August, 2017, [*id.*, p. 1], and that she now is "unable to find competent counsel on a contingency-fee basis" and cannot afford to hire new counsel "on an hourly basis." [Doc. 39, p. 1]. Rehburg also rebuts Carrillo's assertion of a collapse of the attorney-client relationship, [Doc. 29, p. 1], with her assertions that she wants Carrillo's continued representation, [Doc. 34-1, p. 4], that she authorized a settlement offer, [Doc. 34-1, p. 2], and that there have been no communication issues or other problems in the attorney-client relationship, [*id*].

Carrillo has not filed a response to the objections. Therefore, the Court is left with a motion that relies upon a conclusory allegation of a current lack of an "effective attorney-client relationship," [Doc. 29, p. 1], in contrast with the client's rebuttal paired with her unanswered assertions of specific harm that would result from withdrawal.

**SUBSTANTIVE STANDARDS FOR ATTORNEY MOTIONS TO WITHDRAW**

The Tenth Circuit Court of Appeals does not have clear precedent for substantive consideration of an attorney's motion to withdraw. An unpublished Tenth Circuit case cites to a Seventh Circuit decision, *Washington v. Sherwin Real Estate, Inc.,* 694 F.2d 1081, 1087 (7th Cir.1982), for the following rule: "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion." *Abell v. Babbitt*, 176 F.3d 488 (10th Cir. 1999) (unpublished table decision).

The rule cited in *Abell* has been applied in cases in the District of New Mexico, including a published decision of District Judge James Browning granting a motion by plaintiff's attorney over defendant's objections. In *Gamez v. Country Cottage Care & Rehab.*, 377 F.Supp.2d 1101 (D.N.M. 2005), Judge Browning cited a "substantial breakdown in communication and confidence," 377 F.Supp.2d at 1102, as well as plaintiff's apparent support for her attorney's withdrawal, *id.*, n. 1, as sufficient grounds to allow withdrawal.

District Judge Browning has relied upon *Abell* in three unpublished decisions as well: *Trustees of N.M. Pipe Trades Health & Welfare Trust Fund v. Superior Mechanical Contractors, Inc.*, 2011 WL 13282122 (D.N.M. November 8, 2011) (slip op. at 3); *Trujillo v. Board of Educ. of Albuquerque Public Schools*, 2006 WL 4079079 (D.N.M. May 10, 2006) (slip op. at 2), and; *McGuire-Pike v. Ameri-Ck, Inc.*, 2005 WL 3663692 (D.N.M. September 22, 2005) (slip op. at 3). Although each case reinforces the use of the discretionary standard from the Seventh Circuit, each is distinguishable on its facts from this case. *Trustees* and *Trujillo* both presented the anticipated situation where one party opposes withdrawal of the other party's attorney. In *Trustees*, where movant complied with the procedural requirements of local rule 83.8(b) and (c), Judge Browning granted the motion to withdraw on the grounds that communication between client and counsel had broken down and counsel had no authority to proceed further. 2011 WL 13282122, slip op. at 3. In *McGuire-Pike*, where again the movant complied with required procedures, defense counsel asserted that the defendant supported withdrawal because it anticipated bankruptcy and could no longer afford to pay for movant's services; Judge Browning granted withdrawal over the plaintiff's objection after finding that the grounds were reasonable, and the Court could mitigate the effects of any resulting procedural delays. 2005 WL 3663692 (slip op. at 3). *Trujillo* is an example of withdrawal by an attorney who left law firm but where the firm was willing to continue the

representation; Judge Browning granted the departing attorney's motion to withdraw. 2006 WL 4079079 (slip op. at 2).

An additional case from the District of New Mexico illustrates other factors to be considered. In *Leaton v. Navajo Refinery*, 2011 WL 13262486 (D.N.M. February 24, 2011) (slip op. at 1), U.S. Magistrate Judge Carmen Garza cited to *Abell* for the general discretionary standard and to the New Mexico Rules of Professional Conduct and the ABA Model Rules for additional guidance. Judge Garza noted that a client's violation of a representation agreement is a typical basis for permissive withdrawal, but she denied withdrawal upon such grounds where the attorney cited only difficulty in arranging a meeting with the client and did not document that the client was aware that withdrawal could be a consequence of failure to meet. *Id.*

Judge Garza in *Leaton* also discussed authority in the professional conduct rules to seek withdrawal for "other good cause" including "antagonism between the lawyer and the client". *Id.* (quoting A.B.A. Model Rules of Prof'l Conduct R. 1.16) (other citations omitted). Withdrawal grounded on personal difficulties in the attorney-client relationship, however, requires some scrutiny where opposed:

> Attorneys are normally expected to represent their clients until the completion of a case. An attorney may only withdraw by leave of the court, and only upon a showing of good cause. *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *Streetman v. Lynaugh*, 674 F.Supp. 229, 235 (E.D. Tex. 1987) ('[A]n attorney who has once agreed to represent a client should not be permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client.'). Unless 'there is a demonstrated conflict of interest or counsel and defendant are so embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense[,]' courts are typically given wide latitude to deny motions to withdraw. *United States v. Cole*, 988 F.2d 681, 681 (7th Cir. 1993).

*Leaton*, 2011 WL 13262486, at *1-2.

Judge Garza also described, as illustrated by Judge Browning's decision in *McGuire-Pike*, that the effect of attorney withdrawal upon case management should be evaluated:

> [I]t is incumbent on the court to ensure that the prosecution of the lawsuit is not unduly disrupted by the withdrawal of counsel. ... Such a determination involves consideration of several factors, including the extent to which the withdrawal will disrupt or delay a case, and whether the withdrawal will prejudice opposing parties.

*Leaton*, 2011 WL 13262486, at *2 (citations omitted).

**ANALYSIS OF ATTORNEY CARRILLO'S MOTION**

**The Court is not Persuaded That There is an Irremediable Breakdown of the Attorney-Client Relationship**

Carrillo's entire argument in support of withdrawal is his conclusion that "[a]n effective attorney-client relationship no longer exists" with Rehburg. [Doc. 29, p. 1]. Rehburg not only states her disagreement on that point but provides some factual support for her position that she has been cooperative and communicative and, while she regrets loss of representation by the associate attorney who previously handled her case but now has left the Carrillo firm, she anticipates continued effective representation by the firm and Carrillo himself. [Doc. 34, pp. 1-2; *Declaration of Lisa M. Rehburg in Support of Plaintiff's Opposition to Carrillo Law Firm, P.C.'s Motion for Withdrawal as Counsel for Plaintiff* [Doc. 34-1, including Ex. 1]. In the face of Rehburg's response, Carrillo's conclusion does not appear tenable.

**The Procedural Effect of Withdrawal Appears Minimal in Isolation.**

Allowing withdrawal of established counsel necessarily imposes some disruption in the pretrial process. In this case, that potential disruption is mitigated by a stay that is now in place pending determination of this motion, and which would continue for up to another twenty days after allowing Carrillo to withdraw. [Doc. 37]. The Court also has before it another motion to stay [Doc. 31] which, if granted, would put pretrial procedures on hold pending a determination of the

9

pending motion to remand the case to state court, [Doc. 11], which has been fully briefed. Therefore, the risk of adverse effects due to a short-term lack of counsel appears minimal.

**Rehburg May Be Unable to Obtain Substitute Counsel or Represent Herself *Pro Se*.**

Rehburg presents a compelling argument that withdrawal of Carrillo may leave her without counsel. Her agreement with the Carrillo firm is based upon a contingency, presumably an agreed-upon share of any recovery in this case where she seeks damages from the defendant. [Doc. 34-1, p. 1]. She asserts, without contradiction, that she is "unable to find competent counsel on a contingency-fee basis considering the length of time the Carrillo Law Firm has been representing Plaintiff and that the Carrillo Law Firm filed the motion just two weeks before numerous depositions were scheduled." [Doc. 39, p. 1]. While the current stay mitigates the concern about pending depositions, it has not been shown that Rehburg now has the ability to engage new counsel on a contingency basis. If so, she asserts (again without contradiction in the record) that she "does not have the funds to employ a new law firm to represent her in this matter on an hourly basis." [*Id.*] Finally, she states that she "resides in California and it would be impossible for her to competently represent herself in this case." [*Id.*].

The Court is persuaded by the record that Rehburg's concerns are legitimate and that allowing Carrillo to withdraw may leave Rehburg without the ability to competently prosecute her case.

**CONCLUSION**

The Court has discretion to grant or deny an attorney's motion to withdraw depending upon the particular circumstances of the case. In this case, where it has not been shown that the attorney-client relationship cannot be salvaged, and where the impact of withdrawal upon the client may be

severe, withdrawal is not supported. Therefore, attorney Carrillo's *Motion for Withdrawal of Counsel* [Doc. 29] should be and is denied.

**IT IS SO ORDERED.**

_____
THE HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE