IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

        Plaintiff,

v.                                                       No. 1:18-CV-0531-MV-JHR

BOB HUBBARD HORSE TRANSPORTATION, INC.,

        Defendant.

**ORDER GRANTING MOTION TO STAY**
**PENDING DECISION ON MOTION TO REMAND**

This matter comes before the Court on Plaintiff's *Motion to Stay Case Pending Decision on Motion to Remand* [Doc. 31] filed January 4, 2019. No response has been filed and the time for filing a response has expired. *See* D.N.M.LR-Civ.R. 7.4(a).

Plaintiff asks that the Court "issue a stay of all proceedings pending a ruling on the Plaintiff's Motion to Remand Case, except as necessary to resolve the Motion to Remand Case." [Doc. 31, *1]. Plaintiff refers to her *Motion to Remand and in the alternative to Allow for Limited Discovery* [11] filed on August 15, 2018, and referred to the undersigned by presiding District Judge Martha Vazquez on August 21, 2018. [Doc. 12]. Briefing was completed on the motion to remand on October 3, 2018. [Doc. 21].

On January 9, 2019, the undersigned granted a stay pursuant to a different motion, Plaintiff's *Unopposed Motion to Stay Case Pending Assignment of New Counsel* [Doc. 32], which itself referred to attorney Raul A. Carrillo's *Motion for Withdrawal of Counsel* [Doc. 29]. On March 20, 2019, the Court denied Carrillo's motion to withdraw. [Doc. 40]. The stay in effect since January 9, 2019, was predicated on an expectation that the motion to withdraw would be granted and was to expire by its terms no later than twenty days after entry of such an order. [Doc.

37]. As withdrawal was instead denied, it is reasonable to conclude that the stay initiated on January 9, 2019, is no longer in effect.

The unresolved motion to stay is identified as an opposed motion: "Pursuant to D.N.M. Local Rule 7.1, this motion is opposed by counsel for Defendant as unnecessary if Plaintiff's unopposed Motion to Stay case Pending Assignment of New Counsel is granted." [Doc. 31, p. 2]. As no response was filed, the Court is unaware of any additional argument against granting the unresolved motion to stay.

Plaintiff's essential argument for a stay is that a decision to remand the case to state court will remand the entire case for all remaining proceedings to take place in the state forum under its own rules of procedure. Accordingly, Plaintiff argues that the Court should defer ruling on matters that "are best decided by a new court upon remand." [Doc. 31, p. 2, (citing *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (other citations omitted))].

For the reasons cited, the Court concludes that a stay of other matters is appropriate pending resolution of Plaintiff's motion to remand [Doc 11] and therefore Plaintiff's *Motion to Stay Case Pending Decision on Motion to Remand* [Doc. 31] is well-taken and should be granted.

**IT IS SO ORDERED.**

_____
THE HONORABLE JERRY H. RITTER
U.S. MAGISTRATE JUDGE