IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

        Plaintiff,

v.                                                         No. 1:18-cv-00531-MV-JHR

BOB HUBBARD HORSE TRANSPORTATION, INC.,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION TO DENY MOTION TO REMAND

This matter comes before the Court on a *Motion to Remand and in the Alternative, to Allow for Limited Discovery* [Doc. 11] filed on August 15, 2018 by Plaintiff Lisa M. Rehburg ("Rehburg"). Defendant Bob Hubbard Horse Transportation, Inc. ("Hubbard") filed *Defendant's Response in Opposition to Plaintiff's Motion to Remand and in the Alternative to Allow for Limited Discovery* [Doc. 19] on September 19, 2018. Rehburg filed her *Reply to Defendant's Response to Plaintiff's Motion to Remand* [Doc. 20] on October 3, 2018, completing the briefing. [Doc. 21]. U.S. District Judge Martha Vazquez referred the motion to U.S. Magistrate Judge Jerry H. Ritter for analysis [12] on August 21, 2018.[1] Having reviewed the briefing and controlling law, the undersigned presents these proposed findings and recommends, after consideration of the parties' objections if any, that the Court hold that remand is not required and that additional discovery on this jurisdictional issue is unnecessary.

---

[1] Hubbard filed an *Opposed Motion for Hearing on Plaintiff's Motion to Remand* [Doc. 22] which Magistrate Judge Ritter denied on January 14, 2019. [Doc. 38].

## BACKGROUND

Rehburg owns a racehorse that she shipped from California to New Mexico by contracting with Hubbard. *See Complaint* [Doc 1, pp. 16-19]. The horse was injured while being unloaded in New Mexico. *Id.* Rehburg filed a complaint for negligence against Hubbard in New Mexico's Third Judicial District Court on May 2, 2018. [*Id.*] Hubbard removed the case to federal court [Doc. 1] on June 8, 2018, asserting federal jurisdiction pursuant to 28 U.S.C. §§ 1337 and 1441. [Doc. 1, p. 2]. Specifically, Hubbard alleged that Rehburg's state law negligence claim is preempted by 49 U.S.C. § 14706 et seq. (formerly 49 U.S.C. § 11707 et seq.). [Doc. 1, p. 3]. On August 15, 2018, Rehburg filed her motion to remand [Doc. 11].

## ISSUES PRESENTED

Rehburg raises two substantive issues of federal jurisdiction: (1) whether federal jurisdiction exists at all in this case and; (2) whether, if concurrent state and federal jurisdiction exists in this case, Rehburg's choice as plaintiff of a state forum prevents Hubbard from removing the case to federal court, [Doc 11, p. 8, ¶ 27].

Rehburg requests as additional relief, if deemed necessary, the opportunity for additional discovery of jurisdictional facts. [Doc. 11, p. 9, ¶ 32].

## GENERAL LAW OF FEDERAL JURISDICTION AND REMOVAL

A case is eligible for removal from state court if a federal court would have had jurisdiction had the case been filed there instead. 28 U.S.C. § 1441; *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Federal jurisdiction exists for cases involving a federal question, *i.e.*, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Federal question jurisdiction is shown when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012).

For removal to federal court, the party seeking removal bears the burden of establishing federal jurisdiction.

> Federal courts are courts of limited jurisdiction; thus, there is some measure of a presumption against removal jurisdiction which must be overcome by the defendant seeking removal. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d at 333; *Bonadeo v. Lujan*, 2009 WL 1324119, *4 (D.N.M. 2009) (Browning, J.) ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."). The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d at 953. *See also Bonadeo v. Lujan*, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").

*Hernandez v. Chevron U.S.A., Inc.*, 2018 WL 4188458, at *12 (D.N.M. Aug. 30, 2018). Where jurisdictional grounds for removal exist, plaintiff cannot prevent it. 28 U.S.C. § 1441.

**SUITS AGAINST INTERSTATE CARRIERS and COMPLETE PREEMPTION**

Congress enacted an interstate commerce act in 1887 which it amended in 1906 ("the Carmack amendment") to provide for a uniform system of liability for interstate carriers of goods. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 503-04 (1913). Through the current form of that legislation, Congress authorizes civil lawsuits against interstate motor carriers who lose or damage goods, or who deliver damaged goods, and expressly provides that such a suit may be filed in either a state court or a federal district court. 49 U.S.C. § 14706(d).

Under the doctrine of complete preemption, a few extraordinary statutes so completely preempt state common-law claims that they become federal claims supporting federal question subject matter jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, at 393 (1987). The Carmack amendment is such a law, creating a federal statutory remedy which displaces the

3

previous mix of federal and state common-law and disparate state statutory actions. *Adam Express*, 226 U.S. at 505-06 ("[T]here can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.").

Federal actions under the Carmack amendment fall within the broader grant to federal district courts of "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). Claims under state law that fall within the scope of the federal statute become federal claims for jurisdictional purposes. *Bear MGC Cutlery Co., Inc. v. Estes Exp. Lines, Inc.*, 132 F.Supp.2d 937, 947 (N.D.Alab. 2001).

## FINANCIAL THRESHOLD FOR FEDERAL JURISDICTION

Early experience under the Carmack amendment imposed a burdensome load of small claims upon the federal courts. In response, Congress enacted a financial threshold for federal jurisdiction: an action under 49 U.S.C. § 14706 can be resolved in federal court "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a). The preference for state court resolution of smaller claims is reinforced by 28 U.S.C. § 1337(b), which authorizes the federal court to deny or shift costs to a plaintiff who files in federal court if the ultimate result is less than the jurisdictional amount.

While diversity of citizenship is not a jurisdictional requirement for Carmack amendment claims, *see Bear MGC Cutlery Co., Inc*, 132 F.Supp.2d at 947, the methodology to determine the jurisdictional amount in controversy is analogous. *See Gibson v. Jeffers,* 478 F.2d 216, 220 (10th Cir.1973) ("The test to determine amount in controversy [under the Carmack amendment] is not the sum ultimately found to be due, but the sum demanded in good faith."); *Broderick v. Keller*,

29 F. App'x 518, 521 (10th Cir. 2002) (applying the *Gibson* test for determining the amount in controversy in the context of diversity jurisdiction analysis).

> [T]he Tenth Circuit looks to both evidence in the complaint and submitted after the complaint in determining whether the criteria necessary for removal are met. *See Thompson v. Intel Corp*., 2012 WL 3860748, at *8 (citing *McPhail v. Deere & Co.*, 529 F.3d at 956). The Tenth Circuit explained, in *McPhail v. Deere & Co.,* that a district court may have evidence presented to a district court after a notice of removal has been filed, even if produced at a hearing on subject-matter jurisdiction, to determine if the jurisdictional requirements are met. *See* 529 F.3d at 593. '[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward.' 529 F.3d at 593 (citing *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (Easterbrook, J.), and *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002) ). As the Court has explained, 'the Seventh Circuit, on which the Tenth Circuit has heavily relied when addressing the amount in controversy, has recognized that 'events subsequent to removal may clarify what the plaintiff was actually seeking when the case was removed.' ' *Aranda v. Foamex Int'l*, 884 F.Supp.2d 1186, 1208 (D.N.M. 2012) (Browning, J.) (quoting *Carroll v. Stryker Corp*., 658 F.3d 675, 681 (7th Cir. 2011)). Thus, when determining if the requirements for federal jurisdiction are met in a matter removed from state court, a district court may consider evidence submitted after removal. *See Thompson v. Intel Corp*., 2012 WL 3860748, at *14 ('[I]t is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists.').

*Hernandez,* 2018 WL 4188458, at *12 (footnote omitted). In distinction to general diversity jurisdiction, however, multiple Carmack claims cannot be aggregated to meet the financial threshold, but "the matter in controversy *for each receipt or bill of lading*" must exceed $10,000. *See Hunter v. United Van Lines*, 746 F.2d 635, 648 (9th Cir. 1984).

Critically, in a Carmack amendment case, the face amount on a bill of lading is not determinative of jurisdiction, but instead can support an affirmative defense of the carrier that limited liability was bargained-for consideration for a reduced shipping rate. *See Schoenmann Produce Co. v. Burlington Northern and Santa Fe Ry. Co.*, 420 F.Supp.2d 757, 762 (S.D.Tex. 2006) (citing Texas and California federal cases).

5

## FEDERAL JURISDICTION EXISTS IN THIS CASE

The parties agree that the Carmack amendment states the proper test for federal jurisdiction in this case. The parties also agree that Rehburg's claim of common law negligence becomes a federal statutory claim for which New Mexico and United States courts have concurrent jurisdiction. Where they differ is whether the additional jurisdictional amount for federal jurisdiction is met in this case.

On that matter, both parties again agree that the complaint in this case did not state an amount in controversy and direct the Court to other evidence. Rehburg argues that the bill of lading is the proper and only reference to determine the amount in controversy in the case. Hubbard disagrees and refers to Rehburg's pre-suit demand letter for $280,855.69. [Doc. 1, p. 2 and Attachment "1" at p. 12]. That letter includes Rehburg's counsel's statement that "medical and rehabilitative expenses to date are in the amount of $30,855.69 and continued to climb", in addition to lost value of $100,000 and lost potential earnings of $150,000. *Id*.

Authority for consideration of Hubbard's evidence is provided in the discussion of law above. As contrary authority for limiting consideration to the bill of lading, Rehburg cites *Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609 (9th Cir. 1992). That case is not on point. *Hughes* was a review on appeal of a grant of summary judgment for the carrier, North American Van Lines, on two arguments: that the Carmack Amendment preempted state common law claims and that the parties' contract contained a valid limitation of North American's liability for damages to shipped property. 970 F.2d at 611. Much of the opinion discusses the procedural requirements for a carrier to qualify for limitation of liability under 49 U.S.C. § 10730.[2] The Ninth

---

[2] § 10730 required that the carrier previously file a tariff with the Interstate Commerce Commission, a condition that deleted by a later statutory amendment, 49 U.S.C. § 13710(a), effective August 26, 1994. *See Jackson v. Brook Ledge, Inc.*, 991 F.Supp. 640 (E.D.Ky. 1997).

Circuit affirmed the District Court's judgment that North American was entitled to its contractual limitation of sixty cents per pound for twenty-five thousand pounds. 970 F.2d at 610-12. What was not at issue in *Hughes* was the subject-matter jurisdiction of the District Court because both the claim by Hughes and the lower limited liability of North American exceeded the $10,000 minimum.

A case cited by both parties, *Pillsbury Co. v. Atchison, Topeka & Santa Fe Rwy. Co.*, 548 F.Supp. 28 (D. Kan. 1982), is instructive but not determinative. Its holding is that it is improper to aggregate damages under multiple bills of lading to calculate the amount in controversy. 548 F.Supp. 30. That result does not give guidance where there is a single bill of lading. *Pillsbury* does, however, point out that nothing in the statutory language of § 1337(a) defines "amount in controversy" as the face amount of the bill of lading.

A little closer to the mark is *Bucci v. Allied Van Lines, Inc.*, 548 F.Supp. 189 (W.D.Pa. 1982), which considered whether it was appropriate to aggregate the claims of multiple plaintiffs under one bill of lading to reach the jurisdictional amount. *Bucci* essentially concluded that the single bill of lading is the focus or "the root source of recovery, and all claims, as to one bill, grow from that single root. It is immaterial how much each plaintiff claims, under one bill. If all of the claims aggregated under one bill of lading reach the jurisdictional amount, then a federal court has jurisdiction under § 1337." 548 F.Supp. at 192. Clearly, the face amount of the bill of lading was not the sole determinant of jurisdiction.

In fact, federal jurisdiction can exist even in the absence of a bill of lading. In *Dress Barn, Inc., v. LTA Group, Inc.*, 822 F.Supp. 88 (D.Conn. 1993), where the plaintiff made claims for damage to multiple shipments, it was sufficient for jurisdiction under the Carmack Amendment

for the court to find that the alleged value of a least one shipment was in excess of $10,000. 822 F.Supp. at 90.

In another case, jurisdiction was found lacking, but the court looked to the complaint to quantify the damages claim at $2,500 and assumed without deciding that it could add in a separate attorney's fees claim of $3,000 for a total amount in controversy of falling short of the required $10,000. *Hunter*, 746 F.2d at 638, n. 1. Whether or not attorney's fees are properly considered, the bill of lading was not the determinant of the amount in controversy.

As with general diversity jurisdiction, courts analyzing the amount in controversy under the Carmack Amendment consider the plaintiff's complaint along with other evidence to determine what amount may actually be at stake. Therefore, in this case where Hubbard relies upon Rehburg's demand letter as evidence of an amount in controversy in excess of $10,000, the jurisdictional amount under the Carmack Amendment is met notwithstanding the face amount on the bill of lading.

### ADDITIONAL DISCOVERY ON FEDERAL JURISDICTION IS UNNECESSARY

As the record is sufficient to support a finding that the amount in controversy exceeds the minimum federal jurisdictional amount of $10,000, additional discovery on that issue is not helpful nor necessary.

### PROPOSED FINDINGS and RECOMMENDED DISPOSITION

I recommend that the District Judge, after *de novo* consideration of any objections by the parties, find and conclude:

1. The Carmack Amendment, 49 U.S.C. § 14706(d), and 28 U.S.C. § 1337 control whether federal jurisdiction exists in this case.

2. The substantive nature of shipper Rehburg's sole claim against carrier Hubbard is within the scope of the Carmack Amendment, 49 U.S.C. § 14706(d).

3. The amount in controversy with regard to Rehburg's sole claim in this case exceeds $10,000.

4. The United States District Court has subject matter jurisdiction over Rehburg's claim.

5. Where all elements of federal jurisdiction under the Carmack Amendment are met, removal to federal court is authorized and cannot be defeated by a plaintiff's mere opposition.

6. Additional discovery for the purpose of establishing or defeating federal subject matter jurisdiction is unnecessary under the circumstances.

7. Rehburg's motion to remand [Doc. 11] should be denied.

8. Rehburg's demand for alternative relief in the form of additional discovery of jurisdictional facts [Doc. 11, p. 9, ¶ 32] should be denied.

_____
THE HONORABLE JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**