IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

        Plaintiff,

v.                               No. 1:18-cv-00531-MV-JHR

BOB HUBBARD HORSE TRANSPORTATION, INC.,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Her Complaint, filed October 9, 2018. [Doc. 23]. The Honorable Martha Vazquez designated the undersigned "to hear and determine Plaintiff's Motion for Leave to Amend Her Complaint [Doc. 23]." [Doc. 24]; *see* 28 U.S.C. §§ 636(b)(1)(B), (b)(3); Fed. R. Civ. P. 72(b)(1). Having reviewed the Motion and the relevant law, the Court finds that the Motion is well taken and should be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint in the Third Judicial District Court in the county of Dona Ana, New Mexico on May 2, 2017. [Doc. 1, pp. 16-19]. According to the Complaint, Plaintiff hired Defendant to transport her race horse, named Full Regalia, from Del Mar, California to Bosque, New Mexico. [Doc. 1, p. 17]. On August 6, 2016, Full Regalia arrived in Bosque, New Mexico. [*Id.*]. As he was unloaded from the trailer used to transport him, Full Regalia sustained an injury to his ankle which required surgical treatment. [*Id.*]. Plaintiff seeks compensatory damages for pain and suffering and medical expenses resulting from the injury. [*Id.* at pp. 17, 18-19]. Plaintiff also seeks damages for an alleged decrease in Full Regalia's value as a race horse and potential

stud. [*Id.* at pp. 18-19].

The case was removed on June 8, 2018 based on federal question jurisdiction. [*Id.* at pp. 1-9]. Specifically, Defendant asserted that Plaintiff's state law negligence claim is preempted by the Carmack Amendment, 49 U.S.C. § 14706 et seq. (formerly 49 U.S.C. § 11707 et seq.). [*Id.* at pp. 3-8]. In its Scheduling Order the Court set Plaintiff's deadline to move to amend pleadings or add additional parties for August 15, 2018. [Doc. 15]. Plaintiff filed a Motion to Remand on August 15, 2018, in which she acknowledged, to an extent, the applicability of the Carmack Amendment to her claims. [Doc. 11, pp. 4-9]. On October 9, 2018, Plaintiff sought leave to amend her Complaint to encompass the applicability of the Carmack Amendment to her claims, as acknowledged in her Motion to Remand. [Doc. 23, p. 2].

In accordance with D.N.M. LR-Civ. 7.1(a), Plaintiff advised that her Motion for Leave to Amend was opposed because (1) the proposed Amended Complaint was not filed prior to the August 15, 2018 deadline; (2) Defendant timely filed its Amended Answer (to the original Complaint) by its September 2, 2018 deadline; (3) an Amended Complaint would necessitate the preparation of a Second Amended Answer by Defendant; and (4) this would not further judicial economy. [Doc. 23, p. 3]. Notwithstanding Plaintiff's statement of Defendant's reasons to oppose, Defendant did not file a response to Plaintiff's Motion for Leave to Amend. Nor did Plaintiff file a Reply in support of the Motion or a Notice that briefing on the Motion was complete. However, this does not preclude the Court from addressing the merits of the Motion, as "[t]he failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete." D.N.M. LR-Civ. 7.1(b).

## II.     DISCUSSION

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint as of right within 21 days after serving it or 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave should be granted. *Id.*

In this case, Plaintiff seeks to amend her Complaint in order to focus the allegations to the applicable federal question raised in litigating the Motion to Remand. [Doc. 23, pp. 2-3; Doc. 42]. There does not appear to be any undue delay, dilatory motive, or undue prejudice to Defendant relative to allowing the proposed amendment. *See Foman*, 371 U.S. at 182. Although Plaintiff sought leave to amend after the deadline set forth in the Court's Scheduling Order, the Order provided that the Court would permit such requests. [*See* Doc. 15, p. 2, n.1 ("Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a). *See, e.g., Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).")].

Further, Defendant has not responded to the Motion, as required under this Court's local rules, which constitutes Defendant's consent to grant the Motion. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). While the Court applies this rule cautiously as a sole basis for granting motions[1], by failing to respond, Defendant has forgone its opportunity to articulate a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," why leave to amend should not be granted in this case. *Foman*, 371 U.S. at 182.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Her Amended Complaint [Doc. 23] is granted. Plaintiff has 10 days from the entry of the Court's Order in which to file her Amended Complaint.

**IT IS SO ORDERED.**

_____
THE HONORABLE JERRY H. RITTER
U.S. MAGISTRATE JUDGE

---

[1] This is especially true in the context of dispositive motions. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[W]e conclude that a district court may not grant a motion to dismiss for failure to state a claim 'merely because a party failed to file a response.'"); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56.").