IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

    Plaintiff,

v.                                                                 No. 1:18-cv-00531-MV-JHR

BOB HUBBARD HORSE TRANSPORTATION, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL PLAINTIFF'S EXPERT WITNESS DISCLOSURES**

This matter is before the Court on Defendant's *Motion to Compel Plaintiff's Expert Witness Disclosures* [Doc. 27], filed December 19, 2018. Plaintiff filed a Response on May 16, 2019 [Doc. 54] and Defendant filed its Reply on May 29, 2019 [Doc. 59]. For the following reasons, the Court finds that the Motion is well taken and shall be granted.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from injuries sustained by Plaintiff's thoroughbred horse on August 9, 2016. [Doc. 1, p. 17; Doc. 18, p. 2]. Plaintiff hired Defendant to transport the horse from Del Mar, California to Double LL Farm in Bosque, New Mexico. [*Id.*]. On August 9, 2016, as the horse was being unloaded at Double LL Farm, his left hind leg fell through a gap between the loading ramp and the trailer. [*Id.*]. According to Plaintiff, the horse was severely injured, requiring major surgery and months of rehabilitation. [Doc. 1, p. 18]. On May 2, 2018, Plaintiff filed her Complaint in the Third Judicial District Court, in Doña Ana County, New Mexico, alleging that the Defendant negligently caused the horse's injuries. [*Id.*, p. 17]. Plaintiff seeks damages for the horse's pain

and suffering and medical expenses, as well as lost earnings, lost earning capacity, and loss of economic value of the horse as a racehorse and a stud. [*Id.*, pp. 18-19].

On August 15, 2018, Plaintiff filed a *Motion to Remand* seeking an Order remanding the case back to the Third Judicial District Court. [Doc. 11]. The Court entered a Scheduling Order on August 27, 2018, setting Plaintiff's expert witness disclosure deadline for December 1, 2018. [Doc. 15, p. 2]. On December 19, 2018, Defendant filed its *Motion to Compel Plaintiff's Expert Witness Disclosures*. [Doc. 27]. Two days later, Plaintiff's counsel filed a *Motion for Withdrawal of Counsel*. [Doc. 29]. On January 4, 2019, Plaintiff filed a response in opposition to the withdrawal of her counsel. [Doc. 34]. The same day, Plaintiff's counsel filed a *Motion to Stay Case Pending Decision on Motion to Remand* [Doc. 31] and an *Unopposed Motion to Stay Case Pending Assignment of New Counsel* [Doc. 32].

On January 9, 2019, the Court entered an *Order Granting Plaintiff's Unopposed Motion to Stay Case Pending Assignment of New Counsel*. [Doc. 37]. The Court denied the *Motion for Withdrawal of Counsel* on March 20, 2019, ending the stay. [Doc. 40]. The following day the Court entered an *Order Granting Motion to Stay Pending Decision on Motion to Remand*. [Doc. 41]. The Motion to Remand was denied on May 3, 2019 and the stay was lifted on May 6, 2019. [Doc. 43; Doc. 44]. Plaintiff submitted her expert witness disclosures to Defendant on May 16, 2019. [Doc. 52]. The same day, Plaintiff filed her *Response to Defendant's Motion to Compel Plaintiff's Expert Witness Disclosures*. [Doc. 54]. *Defendant's Reply to Defendant's Motion to Compel Plaintiff's Expert Witness Disclosures* was filed May 21, 2019. [Doc. 56].

II.     **LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence allows expert witnesses to present testimony to the trier of fact based on "scientific, technical, or other specialized knowledge" in order to assist

the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. Parties are required to disclose the identity of any such expert witness who may testify at trial. *See* Fed.R.Civ.P. 26(a)(2)(A). If a party fails to make an expert witness disclosure as "required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). The party moving to compel disclosure must show that the opposing party's disclosure is deficient. *See Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

### III.  ANALYSIS

#### A. Plaintiff's Expert Witness Disclosures Were Untimely

In the present case, Defendant moved to compel Plaintiff's expert witness disclosures on December 19, 2018; 18 days after the disclosure deadline set by the Court's Scheduling Order [Doc. 15, p. 2]. In her Response, Plaintiff argues that the Motion should be denied because the proceedings in this case, including discovery, were stayed from January 9, 2019 through May 6, 2019 and Plaintiff's expert disclosures were submitted on May 16, 2019, ten days after the stay was lifted. [Doc. 54, p. 2]. Plaintiff further argues that Defendant was not prejudiced in receiving the disclosures on May 16, 2019 since three of Plaintiff's four disclosed experts were previously identified in Plaintiff's August 7, 2018 Initial Disclosures. [*Id.*]. These arguments are unavailing.

Plaintiff is correct that proceedings in this case were stayed between January 9, 2019 and May 6, 2019. [Doc. 37; Doc. 44]. However, by the time the proceedings were first stayed on January 9, 2019, Plaintiff's expert witness disclosures were delinquent by 39 days and Plaintiff's Response to Defendant's Motion to Compel was delinquent by seven days. Both deadlines expired without explanation and without any request from Plaintiff that she be permitted additional time to meet them. After the stay was lifted on May 6, 2019, Plaintiff waited an additional ten days

before submitting her expert witness disclosure. [Doc. 52; Doc. 53]. Thus, the disclosure, submitted on May 16, 2019, was delinquent by 49 days. [*Id.*].

With respect to Plaintiff's argument that the Motion to Compel should be denied based on a lack of prejudice to Defendant by the untimely disclosures [Doc. 54, p. 2], prejudice is typically considered where the Court is assessing the propriety of sanctions under Rule 37. *See e.g.*, *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (setting forth the following factors for consideration in determining whether to impose sanctions under Rule 37: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."); *Gale v. Uintah Cty.*, 720 F. App'x 427, 431 (10th Cir. 2017) (holding that the district court erred in failing to consider the *Woodworker's Supply* factors in determining whether to exclude expert witness testimony where the witness was not timely disclosed); *Leon v. FedEx Ground Package Sys., Inc.*, No. 13-cv-1005, 2016 WL 1158079, at *6 (D.N.M. Mar. 1, 2016) (applying the *Woodworker's Supply* factors in considering whether to exclude untimely disclosed expert-witness testimony).

In the present case, the exclusion of Plaintiff's expert witnesses is not properly before the Court. While Defendant suggests that such a sanction may be appropriate under Rule 37, the issue was raised for the first time in Defendant's Reply brief [Doc. 56, p. 2] and will not be addressed here. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) (recognizing that issues and arguments raised for the first time in a reply brief are generally deemed waived and will not be considered); *Cabrera v. Wal-Mart Stores E., L.P.*, No. 15-cv-597, 2017 WL 5643223, at *1 (D.N.M. Aug. 21, 2017) (citing *Gutierrez v. Cobos,* 841 F.3d 895, 902 (10th Cir. 2016) for the proposition that "a party waives issues and arguments raised for the first time in a reply brief").

As Plaintiff's expert witness disclosures were 18 days delinquent at the time Defendant's Motion was filed, the Court finds that Defendant has met its burden to demonstrate that the disclosures were untimely and that the Motion was meritorious at the time it was filed. *See Daiflon*, 534 F.2d at 227.

**B. Defendant is Entitled to Reasonable Expenses**

If a motion to compel disclosure or discovery is granted under Federal Rule of Civil Procedure 37(a)(5)(A), "or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurrent in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendant has demonstrated that Plaintiff did not timely submit her expert witness disclosures. Because the Court is granting Defendant's Motion to Compel, it finds that under Rule 37(a)(5)(A), Defendant is entitled to reasonable expenses incurred in making its Motion. The Court will not award fees associated with Defendant's Reply brief, in which Defendant raised issues not addressed in its opening brief. Defendant is hereby instructed to file a motion seeking its costs and fees associated with litigating the Motion to Compel only.

**IV. CONCLUSION**

For the foregoing reasons, *Motion to Compel Plaintiff's Expert Witness Disclosures* [Doc. 27] is GRANTED. IT IS THEREFORE ORDERED that Defendant file its motion for reasonable expenses associated with litigating the motion (and not the reply), supported by contemporaneous and meticulous time records and an affidavit establishing the reasonableness of both the hours expended and the hourly rate requested within fourteen (14) days of the entry of this Order.

Plaintiff may file a response and Defendant may file a reply in accordance with this Court's Local Rules. *See* D.N.M.LR-Civ. 7.4.

    IT IS SO ORDERED.

                              _____
                              JERRY H. RITTER
                              UNITED STATES MAGISTRATE JUDGE