IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

    Plaintiff,

v.                                                                           No. 1:18-cv-00531-MV-JHR

BOB HUBBARD HORSE TRANSPORTATION, INC.,

    Defendant.

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR EXPENSES</u>**

This matter is before the Court on *Defendant's Motion for Expenses Pursuant to the Court's Memorandum Opinion and Order Granting Defendant's Motion to Compel Plaintiff's Expert Witness Disclosure [Doc. 69]*, [Doc. 70], filed July 9, 2019. On August 30, 2019, District Judge Martha Vasquez designated Magistrate Judge Jerry H. Ritter to hear and determine the Motion, pursuant to 28 U.S.C. Sections 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. [Doc. 80]. Having reviewed the Motion and the relevant law, and noting that the Motion is unopposed, the Court finds that the Motion is well taken and should be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from injuries sustained by Plaintiff's thoroughbred horse which occurred while the horse was being unloaded after transport by Defendant. [Doc. 1, p. 17; Doc. 18, p. 2]. According to Plaintiff, the horse was severely injured, requiring major surgery and months of rehabilitation. [Doc. 1, p. 18]. Plaintiff seeks damages for the horse's pain and suffering and medical expenses, as well as lost earnings, lost earning capacity, and loss of economic value of the horse as a racehorse and a stud. [*Id.*, pp. 18-19].

The Court entered a Scheduling Order on August 27, 2018, setting Plaintiff's expert witness disclosure deadline for December 1, 2018. [Doc. 15, p. 2]. On December 19, 2018, Defendant filed its *Motion to Compel Plaintiff's Expert Witness Disclosures*. [Doc. 27]. The case was subsequently stayed pending decisions on Plaintiff's *Motion for Withdrawal of Counsel*. [Doc. 29] and *Motion to Remand* [Doc. 31]. [Doc. 37; Doc. 41]. The stay was lifted on May 6, 2019. [Doc. 43; Doc. 44]. On May 16, 2019, Plaintiff submitted her expert witness disclosures to Defendant and filed her *Response to Defendant's Motion to Compel Plaintiff's Expert Witness Disclosures*. [Doc. 54]. *Defendant's Reply to Defendant's Motion to Compel Plaintiff's Expert Witness Disclosures* was filed May 21, 2019. [Doc. 56].

The Court granted the motion to compel on June 26, 2019, finding that Plaintiff's expert witness disclosures were untimely and ordered Defendant to file its motion for reasonable expenses associated with litigating the motion to compel. [Doc. 69, p. 5]. Defendant timely filed the instant Motion on July 9, 2019. [Doc. 70]. Plaintiff did not file a response.

## II. LEGAL STANDARD

### A. The Law Regarding Attorneys' Fees

"The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" the Court to award attorney fees for discovery misconduct. *Id.* at 678. Rule 37(a)(5)(A) provides:

> "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if ... (ii) the opposing party's nondisclosure, response or

2

objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In other words, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010), § 2288, n.17), unless the failure to respond was substantially justified or an award or expenses would otherwise be unjust. *Id.* at *5.

If the Court determines that fees must be awarded, the burden shifts to the applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted); *see Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See id.* at 1201.

"The setting of a reasonable hourly rate is within the district court's discretion.... [and] [h]ourly rates must reflect the prevailing market rates in the relevant community." *Jane L.*, 61 F.3d at 1510 (internal quotation marks and citation omitted). An applicant lawyer must keep "meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (internal quotation marks and citation omitted). This concept is particularly apt "where a party is seeking to have his opponent pay for his own lawyer's work." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998).

### B. ANALYSIS

Defendant seeks $188.00 for .8 hours of time associated with the litigation of Defendant's motion to compel billed at $235 per hour. [Doc. 70, p. 1]. In support of this request, Defendant

3

submitted an affidavit by its counsel, Robert D. Kinsey, Jr. [Doc. 71, p. 1]. In his affidavit, Mr. Kinsey states that he has been a practicing attorney in various state and federal courts since 1973 and is generally familiar with attorney fee rates in the United States by virtue of representing clients in federal courts including the 10th circuit and hiring local counsel to assist in federal court litigation. [*Id.*]. Mr. Kinsey further states, based on his experience, that the time spent on the motion to compel is appropriate and the hourly billing rate of $235 is fair and reasonable. [*Id.*]. Submitted with Mr. Kinsey's affidavit was a detailed billing statement reflecting that he spent .5 hours drafting and .3 hours finalizing the motion. [*Id.*, p. 3].

The hourly rate billed by Mr. Kinsey, who has approximately 46 years of experience, is reasonable considering the market rate in this district.[1] The time Mr. Kinsey spent preparing the motion is also appropriate and supported by the detailed billing statement provided. The Court

---

[1] *See Daniel & Max, LLC v. BAB Holding Co., LLC*, 19-cv-00173, 2019 WL 3936865, at *2 (D.N.M. Aug. 20, 2019) (awarding $450 per hour to an attorney with over 30 years of experience and $190 per hour to an attorney with 2 years of experience); *Casias v. Dep't of Corr.*, 16-cv-00056, 2019 WL 2881007, at *2 (D.N.M. July 3, 2019) (awarding $350 per hour to an attorney with 24 years of experience and $300 per hour to an attorney with 22 years of experience); *Array Techs., Inc. v. Mitchell*, 17-cv-00087, 2019 WL 2647642, at *2 (D.N.M. June 27, 2019); (awarding $295 per hour to an attorney with over 11 years of experience); *Baity v. Brad Hall & Assocs.*, 18-cv-0183, 2019 WL 2436262, at *2 (D.N.M. June 11, 2019) (awarding $300 per hour to an attorney with 16 years of experience); *Tenorio v. San Miguel Cty. Det. Ctr.*, 15-cv-00349, 2019 WL 2617998, at *2 (D.N.M. June 26, 2019) (awarding $400 per hour to an attorney with 26 years of experience and $225 per hour to an attorney with 4 years of experience); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S.*, 343 F. Supp. 3d at 1086 (awarding $350 per hour to attorneys with 44 and 17 years of experience); *Mosaic Potash Carlsbad, Inc. v. Lintrepid Potash, Inc.*, 16-cv-0808, 2018 WL 2994412, at *4 (D.N.M. June 14, 2018) (awarding $350 per hour to attorneys with 48 years of experience and over 29 years of experience, $275 per hour to attorneys with 13 and 11 years of experience, $220 to an attorney with 10 years of experience, $and 150 to attorneys with 2 years and less than 1 year of experience); *Auge v. Stryker Corp.*, 14-cv-1089, 2017 WL 4355974, at *4 (D.N.M. Sept. 28, 2017) (awarding $350 per hour to an attorney with 9 years of experience and $175 per hour to an attorney with 4 years of experience); (awarding $400 per hour to an attorney with 26 years of experience and $225 per hour to an attorney with 4 years of experience); *Envtl. Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, 16-cv-1056 WJ/JHR, 2018 WL 3210007, at *5 (D.N.M. June 28, 2018) (awarding $275 per hour to an attorney with 15 years of experience); *Schueller v. Wells Fargo & Co.*, No. 16-cv-0107, 2018 WL 2943245, at *5 (D.N.M. June 12, 2018) (awarding $250 per hour to an attorney with 19 years of experience and $200 per hour to an attorney with 13 years of experience); *CalMat Co. v. Oldcastle Precast, Inc.*, 16-cv-26, 2017 WL 8721999, at *5 (D.N.M. Apr. 14, 2017); (awarding $395 per hour to an attorney with 37 years of experience and $205 per hour to an attorney with 3 years of experience); *Payne v. Tri-State Careflight, LLC*, 278 F. Supp. 3d 1276, 1298 (D.N.M. 2017) (awarding $350 per hour to an attorney with over 30 years of experience); *Fallen v. GREP Sw., LLC*, 247 F. Supp. 3d 1165, 1198 (D.N.M. 2017) (awarding $375 per hour to an attorney with 18 years of experience); *Martinez v. Salazar*, 14-cv-534, 2017 WL 3405604, at *3 (D.N.M. Mar. 21, 2017) (awarding $225 per hour to an attorney with over 10 years of experience and $200 per hour to an attorney with 7 years of experience).

finds that Defendant is entitled to recover the $188 requested in connection with its motion to compel.

**C. ORDER**

For the foregoing reasons, *Defendant's Motion for Expenses Pursuant to the Court's Memorandum Opinion and Order Granting Defendant's Motion to Compel Plaintiff's Expert Witness Disclosure [Doc. 69]*, [Doc. 70], is GRANTED. Plaintiff shall submit payment to Defendant, in the amount of $188.00, within thirty (30) days of the entry of this Order.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE