IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

    Plaintiff,

v.                                                                      No. CV 18-00531 MV/JHR

BOB HUBBARD HORSE
TRANSPORTATION, INC.,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff's *Motion for Leave to File Second Amended Complaint*, filed August 5, 2019. [Doc. 73]. On August 30, 2019, the Honorable Martha Vazquez designated United States Magistrate Judge Jerry H. Ritter to hear and determine the Motion pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3); Fed. R. Civ. P. 72(b)(1). [Doc. 80]. Plaintiff seeks to name an additional defendant. [*See generally* Doc. 73]. At issue is whether Plaintiff had sufficient information to assert her claim against the additional defendant but failed to do so in her initial Complaint or subsequent amendment. Having reviewed the Motion and the relevant law, I recommend that the Motion be denied.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from injuries sustained by Plaintiff's thoroughbred horse which occurred while the horse was being unloaded after transport by Defendant. [Doc. 51, p. 2-3; Doc. 29, p. 2]. Plaintiff filed her initial Complaint on May 18, 2018 in the Third Judicial District Court in Doña Ana County, New Mexico. [Doc. 1, pp. 16-19]. According to the Complaint, Plaintiff hired Defendant to transport the horse from California to Double LL Farms in Bosque, New Mexico. [Doc. 51, p. 2]. The horse arrived at Double LL Farms on August 6, 2016. [*Id.*]. As the horse was

unloaded from Defendant's trailer he sustained an injury to his ankle which required surgical treatment. [*Id.*, p. 3]. Plaintiff seeks compensatory damages for pain and suffering and medical expenses resulting from the injury as well as the alleged decrease in the horse's value as a racehorse and potential stud. [*Id.* at pp. 4-5].

The case was removed on June 8, 2018. [Doc. 1]. On August 15, 2018, Plaintiff moved to remand the case to state court. [Doc. 11]. On August 27, 2018, the Court entered a Scheduling Order, setting case management deadlines. Thereafter, the parties began to conduct discovery. [Doc. 25]. On October 9, 2018, Plaintiff moved to amend her Complaint to add a claim for violation of the Carmack Amendment, 49 U.S.C. § 14706(a) (2012). In December 2018, Plaintiff's counsel moved to withdraw as counsel [Doc. 29], to extend discovery [Doc. 26], and to stay proceedings pending the Court's resolution of the motion to withdraw and Plaintiff's motion to remand [Doc. 31; Doc. 32]. The Court granted the motions to extend discovery and to stay proceedings. [Doc. 28; Doc. 37; Doc. 41].

The Court denied counsel's request to withdraw [Doc. 40], and Plaintiff's motion to remand the case [Doc. 43]. On May 6, 2019, the stay was lifted and the Court granted Plaintiff's request to amend her Complaint. [Doc. 44; Doc. 45]. On May 16, 2019, Plaintiff filed her Amended Complaint adding a claim for violation of the Carmack Amendment. [Doc. 51]. The Amended Complaint did not add or subtract any parties. [*Id.*]. Defendant timely answered the Amended Complaint. [Doc. 59]. On June 21, 2019, after conferring with the parties, the Court entered an Amended Scheduling Order, modifying certain case management deadlines. [Doc. 66; Doc. 67]. However, Plaintiff's August 15, 2018 deadline to move to amend pleadings or add additional parties was not modified. [Doc. 15, p. 2; Doc. 67, p. 2].

On August 5, 2019, Plaintiff filed the instant Motion for leave to file a Second Amended Complaint, seeking to add Double LL Farms, LLC, as a defendant. [Doc. 73].

## II.  LEGAL STANDARD

A party seeking leave to amend after the scheduling order deadline to do so has passed must demonstrate "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018) (internal quotation marks and citation omitted). "Rule 16(b)(4) is arguably more stringent than Rule 15, permitting scheduling order amendments only for good cause and with the judge's consent." *Id.* (internal quotation marks and citation omitted).

"In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotations and alterations omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."). The good cause standard "obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc.*, 911 F.3d at 1020 (internal quotation marks and citation omitted).

"[T]rial courts have considerable discretion in determining what kind of showing satisfies this ... good cause standard." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (alteration in original) (internal quotation marks and citation omitted). In making this determination, the primary focus is the relative diligence of the lawyer who seeks the change. *See id.* "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (alteration in original) (internal quotation

3

marks and citation omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240. However, where the plaintiff knew of the underlying conduct but simply failed to raise a claim, the claim is barred. *See Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir.2006); *Federal Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir.1987).

### III. ANALYSIS

#### A. Denial of Leave to Amend is Appropriate for Lack of Diligence

Plaintiff's Motion comes nearly one year after the deadline for her to amend pleadings or add parties passed. [Doc. 15, p. 2; Doc. 67, p. 2; Doc/ 73]. However, Plaintiff asserts that leave to amend is appropriate because the proposed amendment is based on new information obtained during the recent deposition of Tom Hubbard, the owner of Defendant Bob Hubbard Horse Transportation, Inc. [Doc. 73, pp. 1-2]. According to Plaintiff, Mr. Hubbard testified that, at the time the horse was injured, it was under the control of a Double LL Farms' employee who did not adequately control it. [*Id.*, p. 2]. Plaintiff now seeks to add Double LL Farms as a defendant, anticipating that Defendant Hubbard will seek to cast liability onto Double LL Farms at trial. [*Id.*].

Defendant opposes the amendment, arguing that Plaintiff was on notice of Double LL Farms' potential liability as early as November 30, 2016, approximately 18 months before Plaintiff filed her initial Complaint in state court. [Doc. 75, p. 2]. Defendant has submitted five documents in support of its argument. I will discuss each document below.

The first document submitted by Defendant is an affidavit by Mr. Hubbard. [Doc. 75-3]. In the affidavit, Mr. Hubbard states that he spoke with Plaintiff shortly after the incident and recounted a conversation he'd had with the Hubbard driver who was present when the horse was

4

injured. [*Id.*]. According to Mr. Hubbard, he told Plaintiff that the driver reported that the injury occurred while the manager of Double LL Farms was unloading the horse from Defendant's trailer. [*Id.*, pp. 1-2].

The second document submitted is a letter dated November 30, 2016, from Plaintiff to Mr. Hubbard in which she states that "business is business and you need to believe your driver." [Doc. 75-2]. Defendant suggests that this constitutes an acknowledgment by Plaintiff of Defendant's position that the horse was in the control of Double LL Farms when the injury occurred. [Doc. 75, p. 2].

The third document submitted by Defendant is a letter dated December 7, 2016 from Defendant's counsel to Plaintiff[1] in which counsel states, "Our investigation discloses no Hubbard employees were in charge of [the horse] when the Double LL Farm [sic] manager attempted to back [the horse] down a ramp and any unexpected maneuver by [the horse] while being backed down the ramp was not the responsibility of Hubbard." [Doc. 75-4, p. 2].

The fourth and fifth documents submitted were previously provided to Plaintiff in Defendant's July 24, 2018 Initial Disclosures. [Doc. 75, p. 3]. The fourth document is a hand written statement, purportedly written by the Hubbard driver, which states, "While the Foreman (Jaime Cervantes) was in control of the horse and backing it out of its stall on the trailer the horse tried to turn while backing down the ramp and forced the partition out of place allowing his leg to get momentarily trapped between the ramp and the partition." [Doc. 75-6]. The fifth document is the bill of lading for the horse's transport, which notes, "Customer unloading the horse injured rear leg while being backed down the ramp." [Doc. 75-7].

---

[1] In its Response to Plaintiff's Motion, Defendant asserts that the December 7, 2016 letter was sent from Defendant's counsel to Plaintiff's counsel. [Doc. 75, p. 2]. However, the letter attached to Defendant's Response is addressed to Plaintiff at an address in California and does not indicate that it was copied to Plaintiff's counsel. [Doc. 75-4].

5

Defendant also points to the parties' pleadings, in which both parties acknowledge that an employee of Double LL Farms was unloading the horse when the injury occurred. [Doc. 1, p. 2; Doc. 5, p. 2; Doc. 18, p. 2; Doc. 51, p. 3; Doc. 59, p. 2].

The documents submitted by Defendant along with the parties' pleadings are sufficient to demonstrate that Plaintiff was aware of Double LL Farms' potential liability as early as November 30, 2016 and her counsel was aware of Double LL Farms' potential liability by July 24, 2018. Nonetheless, Plaintiff did not pursue a claim against Double LL Farms until August 5, 2019. This overwhelms Plaintiff's attempt to show good cause. *See Husky Ventures, Inc.*, 911 F.3d at 1020–21 (holding that the record, which indicated that the defendants knew of allegedly "new" information months before their motion to amend their counterclaims "fatally undercut[] their ability to demonstrate good cause."); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015) (stating that movants lack good cause if they "knew of the underlying conduct but simply failed to raise [their] claims" (alteration in original) (internal quotation marks and citation omitted).

Although Plaintiff was aware of the facts underlying her proposed claim against Double LL Farms' by July 24, 2018, Plaintiff agreed to an August 15, 2018, deadline for her to amend pleadings or add parties, reflected in the parties' Joint Status Report and Provisional Discovery Plan (JSR) filed on August 13, 2018. [Doc. 10, p. 1]. Plaintiff confirmed her assent to this deadline during the Rule 16 Scheduling Conference held on August 27, 2018. [Doc. 14]. Plaintiff did not raise the issue of Double LL Farms' liability on October 9, 2018, when she moved to amend her Complaint to add a claim under the Carmack Amendment. [Doc. 23].

After the Motion to Remand was denied and the associated stay was lifted, the Court scheduled a second Rule 16 Scheduling Conference for June 21, 2019. [Doc. 57]. Plaintiff's counsel submitted a second JSR on June 21, 2019, which stated that Plaintiff did not intend to file

6

any amendments to her pleadings and did not seek modification of the amendment deadline. [Doc. 64, p. 2]. During the June 21, 2019 Scheduling Conference, Plaintiff's counsel confirmed that the expired amendment deadline did not need to be modified. [Doc. 66].

Plaintiff squandered multiple opportunities to investigate and pursue a claim against Double LL Farms, despite having knowledge of the facts supporting Double LL Farms liability early in the case and without adequate reason for doing so. To the extent that Plaintiff suggests that the driver statement and bill of lading produced in Defendant's Initial Disclosures were not sufficient to alert her "to the likelihood that another party may be a necessary defendant," this does not explain why the earlier correspondence with Defendant and Defendant's counsel did not alert her to that possibility. [Doc. 77, p. 2]. And to the extent that Plaintiff argues she "was not in a position to opine as to the defense now raised," *i.e.*, Double LL Farms' liability, because "[s]worn testimony regarding that issue was first presented…at the time of Mr. Hubbard's deposition," such an argument is not persuasive. Plaintiff could have diligently pursued a claim against Double LL Farms based on the facts known to her without opining as to potential defenses or obtaining sworn testimony regarding Defendant's theory of the case. *See Adamson v. Bowen, M.D.*, 855 F.2d 668, 673 (10th Cir.1988) (recognizing that pleadings must, after a reasonable inquiry, be well-grounded in fact and warranted by existing law); *see also* Fed. R. Civ. P. 11.

Because Plaintiff has not shown that she was unable to meet the deadline to amend her pleadings or add parties despite diligent efforts to do so, I conclude that she has not shown good cause to grant leave to amend and recommend that leave be denied.

**B. Prejudice to the Opponent of an Amendment is Not Necessary to Denial of the Motion**

The parties have raised the issue of prejudice. Defendant argues that granting leave to amend would increase discovery costs because the case management deadlines would need to be

7

extended and Defendant would have to reset or retake several depositions. [Doc. 75, p. 1]. Plaintiff argues that only one deposition had been taken at the time she sought leave to amend and that the other scheduled depositions could be reset to accommodate an additional party. [Doc. 77, p. 2].

As a general rule, leave to amend should not be denied on the basis of prejudice unless a late shift in the thrust of the case will prejudice the opposing party "in maintaining [its] defense upon the merits." *Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1117 (10th Cir. 2003). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (internal quotation marks and citation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Here, Plaintiff's proposed amendment is not based on new information or subject matter. [*Compare* Doc. 51 with Doc. 73-1]. Both parties were aware of Double LL Farms' potential liability early on. The addition of Double LL Farms would not constitute a shift in the thrust of the case, nor would it raise significant new factual issues. Because Defendant has not shown that the addition of Double LL Farms as a defendant would unfairly damage its ability to defend the merits of the case, it has not shown prejudice sufficient to justify denying leave to amend. However, because prejudice is not required to deny leave to amend, the lack of such a showing here does not impact my recommendation to deny Plaintiff's Motion. *See Tesone*, 942 F.3d at 988 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." (internal quotation marks and citation omitted)); *Las Vegas Ice & Cold Storage Co.*

*v. Far W. Bank*, 893 F.2d at 1185. (recognizing that where leave to amend is appropriately denied on other grounds, "prejudice to the opposing party need not also be shown.").

### C. The Court Need Not Address Relation Back of the Amendment

Plaintiff requests that her proposed amendment be determined to relate back to the date her Motion was filed, to avoid her claim being barred by the applicable statute of limitations. [Doc. 73, p. 3]. Because I am recommending that the Court deny leave to amend, it is not necessary to address whether the proposed amendment should relate back.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's *Motion for Leave to File Second Amended Complaint* [Doc. 73] be denied.

_____
THE HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**