IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

    Plaintiff,

v.                                                          No. CV 18-00531 KWR/JHR

BOB HUBBARD HORSE
TRANSPORTATION, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court under 28 U.S.C. § 636(b)(1) (2018) on the Magistrate Judge's Proposed Findings and Recommended Disposition, (Doc. 94) and on Plaintiff Lisa Rehburg's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 96). The Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Proposed Findings and Recommended Disposition.

    **I.**    **Factual and Procedural Background**

This case arises from injuries sustained by Plaintiff's thoroughbred horse which occurred while the horse was being unloaded at Double LL Farms, after transport by Defendant. (Doc. 51, p. 2-3; Doc. 29, p. 2). Plaintiff seeks compensatory damages for pain and suffering and medical expenses resulting from the injury as well as the alleged decrease in the horse's value as a racehorse and potential stud. (*Id.* at pp. 4-5).

On August 27, 2018, the Court entered a Scheduling Order, setting case management deadlines. (Doc. 15). The deadline for Plaintiff to amend pleadings or add parties was set for August 18, 2018. (*Id.*, p. 2). On October 9, 2018, Plaintiff sought leave to amend her Complaint to

add a claim for violation of the Carmack Amendment, 49 U.S.C. § 14706(a) (2012). (Doc. 23). The Court granted the Motion, finding good cause to allow Plaintiff to file an Amended Complaint, and noting that no response in opposition had been filed. (Doc. 45, pp. 3-4).

On August 5, 2019, Plaintiff filed her Motion for Leave to File Second Amended Complaint, seeking leave to amend her Complaint a second time, to add Double LL Farms, LLC as a defendant. (Doc. 73). Plaintiff claims that, based on the July 23, 2019 deposition testimony of Tom Hubbard, who owns Defendant Bob Hubbard Horse Transportation, Inc, she now believes that Defendant will attempt to shift liability to Double LL Farms at trial. (Doc. 73, pp. 1-2). Defendant opposes the amendment, arguing that Plaintiff was on notice of Double LL Farms' potential liability before initiating suit in state court but failed to timely add Double LL Farms as a defendant. (Doc. 75, p. 2).

The Motion was referred to the Magistrate Judge for proposed findings and a recommended disposition under 28 U.S.C. § 636(b)(1). (Doc. 80). The Magistrate Judge entered the Proposed Findings and Recommended Disposition (PFRD) on January 13, 2020. (Doc. 94). In the PFRD, the Magistrate Judge found that despite being on notice of Double LL Farms' potential liability, Plaintiff failed to timely bring her claims against Double LL Farms' and failed to provide an adequate reason for not doing so. (Doc. 94, pp. 6-8). The Magistrate Judge concluded that Plaintiff had not demonstrated good cause to allow the amendment under Rule 16 of the Federal Rules of Civil Procedure because Plaintiff failed to show that she could not have met the deadline to amend despite her diligent efforts. (*Id.*). The Magistrate Judge recommended that Plaintiff's Motion be denied. (*Id.*, p. 9). In the PFRD, the Magistrate Judge notified the parties of their right to file written objections within fourteen (14) days after service of the PFRD and advised that filing of written objections was necessary to preserve any issue for further appellate review of the PFRD. (*Id.*).

Plaintiff filed Written Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on January 13, 2020. (Doc. 96). In her Objections, Plaintiff concedes that Rule 15(a) and Rule 16(b)(4) of the Federal Rules of Civil Procedure govern the instant Motion but claims that the Magistrate Judge's analysis "places impermissibly greater weight on Rule 16(b)(4)." (Doc., p. 5). Plaintiff suggests that the Court should analyze her request to file a Second Amended Complaint under the less stringent Rule 15(a) standard and that under that standard her proposed amendment would be permissible. (*Id.*, pp. 1-7). Defendant did not object to the PFRD.

## II. Legal Standards Governing Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition

Under 28 U.S.C. § 636(b)(1)(C), the Court conducts a de novo review of any objections to the Magistrate Judge's PFRD. To resolve an objection to the PFRD, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party's objections to the PFRD must be "both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection must be sufficient to focus the Court on the factual and legal issues actually in dispute. *Id.* at 1060. Issues raised for the first time in an objection to the PFRD are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

The Court finds that Plaintiff's Objections were timely filed. The Court also finds that Plaintiff's objections are sufficiently specific to preserve the factual and legal issues for de novo review by the Court.

### III. De Novo Review of Plaintiff's Objections

#### A. The Magistrate Judge Applied the Correct Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 15(a)(2) states that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989-90 (10th Cir. 2019); *see Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." (quotations omitted)). "If the movant fails to satisfy either factor—(1) good cause or (2) Rule 15(a)—the district court does not abuse its discretion in denying her motion for leave to amend." *Tesone*, 942 F.3d at 990 (alterations omitted).

Although Plaintiff agrees that both Rule 15 and Rule 16 govern her Motion, she suggests that the Court should focus primarily on the more lenient Rule 15 standard and should not apply the Rule 16 standard absent a showing of prejudice to Defendant. (Doc. 96, pp. 1-2, 5-7). Plaintiff does not cite, and this Court is not aware of, any authority supporting the idea that the application of Rule 16 where leave to amend is sought after the scheduling order deadline is discretionary or dependent on a showing of prejudice to the party opposing the amendment.

To the contrary, the Tenth Circuit has held that Rule 16's good cause requirement is the threshold inquiry in such circumstances. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (holding that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause [under Rule 16] for doing so" and declining

to reach the Rule 15(a) question where the movants could not show good cause to amend their pleadings under Rule 16(b)).); *see Tesone*, 942 F.3d at 990 ("[I]f the movant fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether the movant has satisfied the requirements of Rule 15(a)." (alterations, quotations, and citations omitted); *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018) (holding that "Rule 16—which specifically governs amendments to scheduling orders—applies with full force" where a party seeks to amend its complaint after the scheduling order deadline); *Birch*, 812 F.3d at 1249 (finding "no need to consider whether Appellants satisfied Rule 15" where the appellants "cannot establish 'good cause' under Rule 16.").

Moreover, while prejudice to the party opposing the amendment is a "relevant consideration," *Tesone*, 942 F.3d at 988, and "might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In arguing that the Magistrate Judge "place[d] impermissibly greater weight on Rule 16(b)(4)," Plaintiff attempts to distinguish *Tesone*, *Husky Ventures*, and *Birch*, arguing that (1) those cases are distinguishable because the movants in those cases failed to offer any justification for their late requests to amend, and (2) because in *Husky Ventures* and *Birch*, the requests to amend were made at the eleventh hour, which would have prejudiced the non-movants. (Doc. 96, pp. 5-6). Those distinctions are not helpful here. Because Plaintiff is seeking leave to amend after the scheduling order deadline, the Rule 16 good cause standard must be satisfied, regardless of whether Plaintiff offers a reason for her late request or whether demonstrates a lack of prejudice. *See Tesone*, 942 F.3d at 989-90 ("A party seeking leave to amend after a scheduling order deadline *must* satisfy both the Rule 16(b) and Rule 15(a) standards.") (emphasis added); *Birch*, 812 F.3d at

5

1247 ("After a scheduling order deadline, a party seeking leave to amend *must* demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." (emphasis added) (quotations omitted)).

**B. Plaintiff Has Not Demonstrated Good Cause to Allow the Late Amendment**

Under Rule 16(b)(4), a party seeking leave to amend after the scheduling order deadline must "show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone*, 942 F.3d at 990 (quotations omitted); *see also Gorsuch*, 771 F.3d at 1240. This standard "obligates the moving party to provide an adequate explanation for any delay." *Tesone*, 942 F.3d at 990 (quotations and citation omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Birch*, 812 F.3d at 1247. However, where "the plaintiff knew of the underlying conduct but simply failed to raise [the] claims[,] the claims are barred." *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citation omitted). "Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* (quotations and citation omitted).

Plaintiff objects to the Magistrate Judge's finding that she did not demonstrate good cause for the delay in seeking to add Double LL Farms as a defendant. (Doc. 96, pp. 6-7). Plaintiff concedes that she was aware, prior to litigation, that Defendant believed Double LL Farms may have liability in this matter. (*Id.*, p. 6). However, she "did not believe at the time that there was sufficient evidence to establish Double LL Farms as a party." (*Id.*). According to Plaintiff, "following the deposition of Mr. Hubbard Plaintiff obtained sufficient sworn testimony to

conclude that Double LL Farms may be partially liable for the injury and damage to her property." (*Id.*, pp. 6-7).

In her motion to amend, Plaintiff recited Mr. Hubbard's testimony that at the time Plaintiff's horse was injured, it was under the control of a Double LL Farms' employee who did not adequately control it. (*Id.*). That testimony merely reiterates representations made in a December 7, 2016 letter from Defendant's counsel in which he advised Plaintiff that Defendant denied liability because its investigation revealed that the manager of Double LL Farms, not Defendant's employee, was "in charge" of Plaintiff's horse as it was being unloaded and was injured. (Doc. 75-4, p. 2).

Plaintiff does not articulate what new information she obtained from Mr. Hubbard's testimony that was not previously provided to her. Neither does Plaintiff explain what diligent efforts she made to meet the scheduling order deadline to amend and add parties or why she could not meet the deadline despite those efforts.

IV. **CONCLUSION**

For the foregoing reasons, the Court overrules Plaintiff's objections and holds that Plaintiff has not established demonstrated good cause to grant leave to file a Second Amended Complaint.

**IT IS ORDERED:**

(1) Plaintiff's Written Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 96) are **OVERRULED**; and

(1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 94) is **ADOPTED** as an Order of the Court.

_____
KEA W. RIGGS
United States District Judge

7